UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TOM FLEWELLING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:20-cv-64 |
| | ) |
| AM GENERAL, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Thomas Flewelling ("Plaintiff"), brings this lawsuit against Defendant, AM General, LLC ("Defendant") pursuant to the Americans with Disabilities Act Amendment Act ("ADAAA"), 42 U.S.C. § 12101 et seq.

**PARTIES**

2. Plaintiff is a resident of the State of Michigan, who at all times relevant to this action worked within the geographical boundaries of the Northern District of Indiana.

3. Defendant is a for-profit corporation engaging in business within the geographical boundaries of the Northern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 42 U.S.C. § 12117.

5. Plaintiff was an "employee" of Defendant within the meaning of 42 U.S.C. § 12111(4).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5).

7. Plaintiff satisfied his obligations to exhaust administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received his right-to-sue notice from the EEOC on or after October 31, 2019 and now timely files this lawsuit.

8. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Northern District of Indiana; thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. Plaintiff began working for Defendant in or about August 1995.

10. Throughout his employment with Defendant, Plaintiff met all of Defendant's legitimate employment expectations. Plaintiff's last position held with Defendant was Material Handling and Utility.

11. Plaintiff is a below the knee leg amputee and was so at the time of his hiring.

12. In August 2016 Plaintiff suffered a serious back injury while at work.

13. Over the course of the next year Plaintiff exhausted his FMLA eligibility and had multiple treatments and surgeries related to his back.

14. In August 2017 Plaintiff was cleared to return to work by his doctor. This release contained one restriction: that Plaintiff must be allowed to carry a cane with him at all times.

15. Plaintiff informed Defendant that he was ready to return to work and provided sufficient documentation to Defendant.

16. Defendant did not engage in any interactive process and flatly refused to allow Plaintiff to return to work.

17. Plaintiff is capable of performing all the essential functions of his position of Material Handler/Utility. Prior to his back injury, Plaintiff spent approximately 70% of his time sitting on a desk or a fork lift. The remaining portion of his position consisted of picking and packing parts, unloading trucks and janitorial work. Plaintiff is capable of performing all of these tasks with or without an accommodation but allowing Plaintiff to carry his cane greatly reduces his pain level.

18. Plaintiff is disabled as defined by the ADA. His request to return to work with a restriction is a request for a reasonable accommodation.

19. Defendant's refusal to accommodate Plaintiff's restriction is a violation of the ADA.

20. Defendant failed to engage in any meaningful interactive process.

21. Plaintiff has suffered, and continues to suffer, damages as a result of the Defendant's conduct including, but not limited to, lost or reduced wages and benefits, emotional distress, and attorneys' fees and costs.

## COUNT I

## ADA - FAILURE TO ACCOMMODATE

22. Plaintiff hereby incorporates paragraphs 1-21 of his Complaint, as if the same were set forth at length herein.

23. Plaintiff asked for a reasonable accommodation. Defendant did not engage in the interactive process with Plaintiff.

24. Defendant unlawfully refused to grant Plaintiff's reasonable accommodation.

25. Defendant's actions were intentional, willful, and in reckless disregard of

Plaintiff's rights as protected by the ADA.

26. Plaintiff has been harmed as a result of Defendant's unlawful actions.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Tom Flewelling, by counsel, respectfully requests that this Court find for him and order that:

1. Defendant reinstate Plaintiff or, in lieu of reinstatement, pay front pay and benefits to Plaintiff;

2. Defendant pay lost wages and benefits to Plaintiff;

3. Defendant pay punitive damages to Plaintiff;

4. Defendant pay compensatory damages to Plaintiff;

5. Defendant pay pre- and post-judgment interest to Plaintiff;

6. Defendant pay Plaintiff's attorneys' fees and costs incurred in litigating this action; and

7. Defendant pay to Plaintiff any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

John H. Haskin (7576-49)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
(317) 955-9500
(317) 955-2570 fax
jhaskin@jhaskinlaw.com

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Tom Flewelling, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

John H. Haskin (7576-49)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
(317) 955-9500
(317) 955-2570 fax
jhaskin@jhaskinlaw.com